1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

11   OSOTH MANIVONG,                      Case No. 2:25-cv-06747-JFW-KES
12          Petitioner,
13   v.                                   ORDER REQUIRING RESPONSE
                                          TO HABEAS PETITION
14   PAM BONDI, Attorney General, et al.,
15          Respondents.
16

17

18        In order to facilitate the just, speedy, and inexpensive determination of this
19   action, IT IS HEREBY ORDERED as follows:
20        1.     Respondent shall e-file and serve a Notice of Appearance that
21   designates the Assistant United States Attorney(s) in charge of the case **within**
22   **fourteen (14) days** of the service date of this Order.
23        2.     The Clerk shall also serve Petitioner with a copy of the Consent to
24   Proceed Before a United States Magistrate Judge (Form CV-11B) along with this
25   Order.  If Petitioner wishes to exercise the consent option, Petitioner shall file a
26   completed Form CV-11B with the Clerk and serve Respondent with same **within**
27   **twenty-eight (28) days** of the service date of this Order.  Respondent shall have
28

1

until the date of the filing of the initial response to the Petition in which to exercise the consent option by filing and serving a completed Form CV-11B.  **The parties are free to withhold consent without adverse substantive consequences**.

3.      If Respondent contends that the Petition can be decided without the Court reaching the merits of Petitioner's claims (e.g., because Respondent contends that Petitioner is unable to satisfy the "in custody" requirement, or that Petitioner has failed to exhaust state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the applicable statute of limitations), Respondent shall file a Motion to Dismiss **within thirty (30) days** of the service date of this Order.  The Motion to Dismiss shall **not** address the merits of Petitioner's claims, but rather shall be confined to the basis for Respondent's contention that dismissal without reaching the merits of Petitioner's claims is warranted.[1]  At the time the Motion to Dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard.

4.      If Respondent files a Motion to Dismiss, Petitioner shall file an opposition, if any, to the Motion **within thirty (30) days** of the date of service thereof.  At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the Motion.

5.      Unless the Court orders otherwise, Respondent shall **not** file a Reply to Petitioner's opposition to a Motion to Dismiss.  If the Motion is denied, the Court will afford Respondent adequate time to answer Petitioner's claims on the merits.

6.      If Respondent does not contend that the Petition can be decided

---

[1] If Respondent contends Petitioner has failed to exhaust any administrative remedies as to any ground for relief alleged in the Petition, Respondent shall specify the administrative remedies still available to Petitioner.

without the Court reaching the merits of Petitioner's claims, then Respondent shall file and serve an Answer to Petition **within forty-five (45) days** of the service date of this Order.  At the time the Answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims, including the briefs specified in Rule 5(d) of the Rules Governing Section 2254 Cases in the United States District Courts.[2]  The Answer shall also specifically address the necessity for an evidentiary hearing to resolve any issue.

7.    Petitioner may file a single Reply responding to matters raised in the Answer **within thirty (30) days** of the date of service thereof.  Any Reply filed by Petitioner shall: (a) state whether Petitioner admits or denies each allegation of fact contained in the Answer; (b) be limited to facts or arguments responsive to matters raised in the Answer; and (c) not raise new grounds for relief that were not asserted in the Petition.  Grounds for relief raised for the first time in the Reply will not be considered, unless the Court grants Petitioner leave to amend the Petition.  No Reply shall exceed 5,000 words in length absent advance leave of Court for good cause shown.

8.    Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a Motion to Dismiss and/or Petitioner's Reply is due.

9.    To request an extension of time for any of the deadlines set forth in this Order, a party must file a motion demonstrating good cause for the extension.  Such a motion should be filed before the deadline has expired.  Any such motion

---

[2] The Rules not only apply to petitions brought under 28 U.S.C. § 2254; a district court may exercise its discretion to apply the Rules to any other habeas corpus petition.  See Rules Governing Section 2254 Cases in the United States District Courts, Rule 1(a), (b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(A) [cases involving a petition under 28 U.S.C. § 2254].").

should be accompanied by a declaration explaining why an extension of time is necessary and by a proposed order granting the requested extension.

10.     Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).  Any document delivered to the Court without a certificate of service may be returned to the submitting party without being considered by the Court.

DATED:  July 31, 2025

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE