**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **CV 25-6747-JFW(KES)** | Date:  August 26, 2025 |

Title:   Osoth Manivong -v- Pamela Bondi, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER SETTING BRIEFING SCHEDULE ON PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [filed 8/26/25; Docket No. 11]; and

ORDER ENJOINING RESPONDENTS FROM TRANSFERRING PETITIONER OUT OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNTIL THE COURT ISSUES A RULING ON PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER;

ORDER ENJOINING RESPONDENTS FROM REMOVING PETITIONER TO A THIRD COUNTRY UNTIL THE COURT ISSUES A RULING ON PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

On July 20, 2025, Petitioner Osoth Manivong ("Petitioner") filed a Verified Petition for Habeas Corpus and Complaint for Injunctive and Declaratory Relief ("Petition") against Respondents Pamela Bondi, Kristi Noem, F. Semaia, Ernesto Santacruz, Jr., and U.S. Department of Homeland Security (collectively, "Respondents").  In his Petition, Petitioner, who entered the United States as a refugee from Laos on June 17, 1986, alleges that the revocation of his release on an order of supervision ("OSUP") on July 7, 2025, is unlawful.  Petitioner alleges causes of action for: (1) unlawful revocation of release; (2) violation of procedures for revocation of release; (3) unlawful detention where removal is not reasonably foreseeable; and (4) unlawful detention without individualized determination of danger or flight risk.

On August 26, 2025, Petitioner filed a Motion for Temporary Restraining Order ("Motion"). In the Motion, Petitioner seeks a temporary restraining order ("TRO"): (1) enjoining Respondents from transferring Petitioner outside of the United States District Court for the Central District of California; (2) enjoining Respondents from removing Petitioner to a third country[1] without written notice to both Petitioner and Petitioner's counsel; and (3) ordering Petitioner's immediate release on an Order of Supervision until such time as Respondents present sufficient evidence to the Court that Petitioner's removal from the United States is reasonably foreseeable.  In her declaration, Sabrina Damast ("Damast"), Petitioner's counsel, states that Petitioner contacted his family at approximately 4:00 a.m., on August 26, 2025, to inform them that he was being transferred out of the Adelanto Detention Center ("Adelanto").  Damast's attempts to confirm if Petitioner is being moved from Adelanto (and if so, when and where) have been unsuccessful.

The Court sets the following briefing schedule regarding Petitioner's Motion: (1) Respondents shall file their Opposition on or before August 29, 2025, at 4:00 p.m.; and (2) Petitioner shall file his Reply on or before September 2, 2025, at 4:00 p.m.  The hearing on Petitioner's Motion is scheduled for September 8, 2025, at 10:00 a.m.

In addition, in light of the serious questions going to the merits and the likelihood of irreparable harm raised by Petitioner in his Petition and his Motion, the Court orders that Respondents and all of their officers, agents, servants, employees, attorneys, and persons acting on their behalf in concert or in participation with them are immediately **ENJOINED** from transferring Petitioner out of the United States District Court for the Central District of California until the Court issues a ruling on Petitioner's Motion.  The Court also orders that Respondents and all of their officers, agents, servants, employees, attorneys, and persons acting on their behalf in concert or in participation with them are immediately **ENJOINED** from removing or deporting Petitioner from the United States of America to any third country in the world until the Court issues a ruling on Petitioner's Motion.

IT IS SO ORDERED.

---

[1] A third country would be any country other than Laos.